**ATTORNEY GENERAL OF TEXAS**

GREG ABBOTT

September 18, 2006

The Honorable William M. Jennings
Gregg County Criminal District Attorney
101 East Methvin Street, Suite 333
Longview, Texas 75601

Opinion No. GA-0462

Re: Statutory maximum salary for the county court at law judges in Gregg County (RQ-0460-GA)

Dear Mr. Jennings:

You request an opinion on the statutory maximum rate of pay for county court at law judges in Gregg County, citing Government Code sections 25.0005 and 25.0942 as the relevant statutes.[1] You ask for the proper construction of these statutes to determine if the Gregg County Commissioners Court is paying the county court at law judges correctly. *See* Auditor's Letter, *supra* note 1 at 2.

Gregg County has two statutory county courts, County Court at Law No. 1 and County Court at Law No. 2. *See* TEX. GOV'T CODE ANN. § 25.0941 (Vernon 2004). These courts have concurrent jurisdiction with the district courts in the county in all matters, except for capital felony cases. *See id.* § 25.0942(a). Section 25.0942 of the Government Code provides that the judge of a statutory county court in Gregg County "may not engage in the private practice of law" and "shall be paid an annual salary that does not exceed the amount that is 90 percent of the total annual salary received by a district judge in the county." *Id.* § 25.0942(c)–(d).

Gregg County participates in a program established by Government Code sections 25.0005 and 51.702 to allow a participating county to supplement statutory county court judges' salaries. *See* Request Letter, *supra* note 1, at 1. *See also* TEX. GOV'T CODE ANN. §§ 25.0005 (Vernon 2004), 51.702 (Vernon 2005); Tex. Att'y Gen. Op. Nos. GA-0370 (2005) at 1–2, JC-0305 (2000) at 2. The legislature authorized these salary supplements in a 1991 enactment that also gave statutory county courts concurrent jurisdiction with district courts in most civil cases. *See Ector County v. Hollmann*, 901 S.W.2d 687, 689 (Tex. App.—El Paso 1995, no writ); *see also* Act of May 27, 1991, 72d Leg., R.S., ch. 746, §§ 2, 4, 1991 Tex. Gen. Laws 2620, 2620–21 (codified at TEX. GOV'T CODE ANN. §§ 25.0003(c), .0005). Recognizing that statutory county courts would be assuming burdens equal

---

[1]Letter from Honorable William M. Jennings, Gregg County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Feb. 27, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]. The district attorney forwards a letter from the county auditor and makes the same opinion request as the county auditor. *See* Letter from Laurie Woloszyn, Gregg County Auditor, to Honorable Greg Abbott, Attorney General of Texas (Jan. 19, 2006) (attachment to Request Letter) [hereinafter Auditor's Letter].

in many ways to those of district courts, the legislature thus provided a method for raising the salaries of county court at law judges to an amount near that earned by district judges. *See Ector County*, 901 S.W.2d at 689. Under section 51.702, a commissioners court may adopt a resolution authorizing the collection of certain filing fees and court costs to fund the salary supplements. *See* TEX. GOV'T CODE ANN. § 51.702(a)–(f) (Vernon 2005). The fees are sent to the comptroller for deposit in the judicial fund and appropriated for county court at law judges' salary supplements. *See id.* § 51.702(d); *see also id.* §§ 21.006 (Vernon 2004) (judicial fund), 25.0015 (Vernon 2004) (state contribution for county court at law judges' salaries), 25.0016 (Vernon 2004) (section 51.702 funds in excess of salary supplements are returned to counties to use only for court-related purposes for support of the judiciary). Section 25.0005(a) applies to setting the salary of statutory county court judges in counties that collect the fees and costs under section 51.702, stating in part:

> A statutory county court judge, other than a statutory county court judge who engages in the private practice of law or a judge in whose court fees and costs under Sections 51.702(a) and (b) are not collected, shall be paid a total annual salary set by the commissioners court at an amount that is *at least equal* to the amount that is $1,000 less than the total annual salary received by a district judge in the county on August 31, 1999.

*Id.* § 25.0005(a) (Vernon 2004) (emphasis added). This provision sets as a minimum salary for the Gregg County statutory county court judges in an amount at least equal to $1,000 less than the salary received by a district judge in Gregg County on August 31, 1999, which the county auditor determined to be $100,117. *See* Auditor's Letter, *supra* note 1, at 2.

You inform us that Gregg County collects fees and costs under Government Code section 51.702. *See* Request Letter, *supra* note 1, at 1. The judges of the county courts at law have submitted a brief stating that the county has for several years compensated them under section 25.0005(a).[2] In September 2005, the Gregg County Commissioners Court voted to pay the county court at law judges a salary of $1,000 less than the amount paid to district judges under Government Code section 659.012(a)(1). *See* Judges' Brief, *supra* note 2, at 2; *see also* TEX. GOV'T CODE ANN. § 659.012(a) (Vernon Supp. 2006) (salary of district judges), Request Letter, *supra* note 1, at 1. This action set the county court at law judges' salary at $131,500 a year, effective December 1, 2005. In November 2005, however, the county auditor informed the county court at law judges that their salary would be only 90 percent of the salary paid to the district judges, or $119,250,[3] citing Government Code section 25.0942(d) as authority for this amount. *See* Auditor's Letter, *supra* note 1, at 2; Judges' Brief, *supra* note 2, at 2. Section 25.0942(d) provides as follows:

---

[2] Brief from Honorable Rebecca Simpson, Judge, County Court at Law No. 1 and Honorable Alfonso Charles, Judge, County Court at Law No. 2, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Apr. 13, 2006) (on file with the Opinion Committee) [hereinafter Judges' Brief].

[3] *But see* Tex. Att'y Gen. Op. No. GA-0437 (2006) at 3 (determining that a district judge's maximum annual salary is $140,000).

The Honorable William M. Jennings - Page 3     (GA-0462)

> The judge of a county court at law shall be paid an annual salary *that does not exceed* the amount that is 90 percent of the total annual salary received by a district judge in the county. The salary may be paid in equal monthly installments.

TEX. GOV'T CODE ANN. § 25.0942(d) (Vernon 2004) (emphasis added).

In determining the statutory maximum salary for the county court at law judges in Gregg County we interpret unambiguous statutory language according to its plain meaning and construe a statute's provisions in harmony. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Section 25.0942(d) establishes the maximum annual salary for statutory county court judges in Gregg County, which the auditor has computed as $119,250. Government Code section 25.0005(a) sets a minimum annual salary of $100,117. *See* TEX. GOV'T CODE ANN. §§ 25.0942, .0005(a) (Vernon 2004); Auditor's Letter, *supra* note 1, at 2. Thus, sections 25.0005(a) and 25.0942(d) are consistent with one another, together setting a minimum annual salary of $100,117 and a maximum of $119,250. Accordingly, the maximum salary for Gregg County statutory county court judges may not exceed 90 percent of the total annual salary received by a district judge in the county.

The county auditor also asks whether it is appropriate to use the total salary received from both state and county sources when calculating the maximum amount allowed for both district judges and county court at law judges. A district judge's salary is determined according to Government Code section 659.012(a)(1), which provides as follows:

> a judge of a district court is entitled to an annual salary from the state of at least $125,000, except that the combined salary of a district judge from state and county sources, including compensation for any extrajudicial services performed on behalf of the county, may not exceed the amount that is $5,000 less than the salary provided for a justice of a court of appeals other than a chief justice[.]

TEX. GOV'T CODE ANN. § 659.012(a)(1) (Vernon Supp. 2006). In Gregg County, a county court at law judge's salary is determined according to section 25.0005(a). Section 25.0005(a) provides in part that

> [a] district judge's or statutory county court judge's total annual salary includes contributions and supplements, paid by the state or a county, other than contributions received as compensation under Section 74.051.

*Id.* § 25.0005(a) (Vernon 2004). Government Code section 74.051 establishes the compensation for serving as a presiding judge of an administrative judicial region. *See id.* § 74.051(a) (Vernon Supp. 2006); *see also id.* §§ 74.041(2) (Vernon 2005) (defining "presiding judge"), 74.042 (Vernon 2005) (listing counties included in each administrative judicial region of the state). For purposes of section 25.0005, a district judge's or statutory county court judge's total annual salary includes contributions and supplements paid by the state or a county, except for compensation received for serving as a presiding judge of an administrative judicial region.

## S U M M A R Y

Government Code section 25.0942(d) sets the maximum salary for Gregg County statutory county court at law judges at an amount not to exceed 90 percent of the total annual salary received by a district judge in the county.

For purposes of section 25.0005 of the Government Code, a district judge's or statutory county court judge's total annual salary includes contributions and supplements paid by the state or a county, except for compensation received for serving as a presiding judge of an administrative judicial region.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee